NUMBER 13-10-00172-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JOHN FOUTZ, Appellant,


v.

 

THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court

of Jefferson County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, John Foutz, was charged with the offense of aggravated assault, a
second-degree felony. See Tex. Penal Code Ann. § 22.02(a)(2), (b) (Vernon Supp. 2009). 
Pursuant to a plea agreement, Foutz pleaded guilty to the offense and "true" to an
enhancement paragraph contained in the indictment. (1) The trial court accepted Foutz's
pleas and sentenced him to eight years' incarceration; however, the sentence was
suspended, and Foutz was placed on community supervision for eight years with a $1,000
fine. (2)

 On February 2, 2010, the State filed a motion to revoke Foutz's community
supervision, alleging that he had violated three conditions of his community supervision. (3) 
At a hearing conducted on February 16, 2010, Foutz pleaded "true" to all of the allegations
contained in the motion to revoke, and the trial court subsequently sentenced Foutz to
fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal
Justice. The trial court certified Foutz's right to appeal, and this appeal followed. (4) We
affirm. 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Foutz's court-appointed
appellate counsel has filed a brief with this Court stating that her review of the record
yielded no grounds or error upon which an appeal can be predicated in this case. Although
counsel's brief does not advance any arguable grounds of error, it does present a
professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced in this appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Foutz's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgment. Counsel has informed this Court that she has: (1)
examined the record and found no arguable grounds to advance in this appeal, (2) served 
a copy of the brief and counsel's motion to withdraw on Foutz, and (3) informed Foutz of
his right to review the record and to file a pro se response. (5) See Anders, 386 U.S. at 744;
Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More
than an adequate period of time has passed, and Foutz has not filed a pro se response. 
See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Foutz's attorney has asked this Court for permission to
withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d
at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no
pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing
the appellant. To withdraw from representation, the appointed attorney must file a motion
to withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days
of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and
judgment to Foutz and advise him of his right to file a petition for discretionary review. (6) 
See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte
Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

19th day of August, 2010. 


 
1. The enhancement paragraph contained in the indictment alleged that Foutz had been previously
convicted of felony possession of a controlled substance on December 18, 2006. See Tex. Health & Safety
Code Ann. § 481.115 (Vernon 2010).
2. The trial court also concluded that Foutz had used a deadly weapon, though not a firearm, in the
commission of the underlying offense. See Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2009).
3. The State alleged that Foutz had failed to complete 800 hours of community service, failed to
complete an anger management class, and failed to pay various fines and fees that had been court-ordered.
4. This appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. See Tex. Gov't Code Ann. § 73.001 (Vernon 2005).
5. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
6. No substitute counsel will be appointed. Should Foutz wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.